**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JABER ALDAHE

      Plaintiff,

v.                                                    Case No. 06-CV-11125

MATSON NAVIGATION COMPANY, INC.,

      Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 26, 2006, the court granted in part and denied in part Plaintiff Jaber

Aldahe's motion for partial summary judgment.  Plaintiff filed the instant motion for

reconsideration on August 7, 2006.  Having reviewed the motion, the court concludes a

hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(1).  For the reasons stated below,

the court will deny Plaintiff's motion.

**I. INTRODUCTION**

In its July 26, 2006 order, the court denied Plaintiff's claim for unearned wages,

granted his claim for maintenance and cure, and rejected his request for exemplary

damages (7/26/06 Order at 12).  Plaintiff's instant motion challenges only the court's

disposition of his request for exemplary damages.  He argues that the denial of

exemplary damages was due to a palpable defect, the correction of which would result

in a different disposition of the case (Pl.'s Mot. at 2).  Specifically, Plaintiff argues that a

more thorough understanding of Defendant's conduct would have demonstrated that

Defendant was callous when it willfully and persistently refused to pay maintenance and

cure benefits that Plaintiff was owed.  Plaintiff further argues that "a hearing would have

fully pronounced" this conclusion.  (Pl.'s Mot. at 7.)[1]

## II. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

The court is not persuaded that Plaintiff presents a palpable defect.  As the court noted in its previous order, a seamen's implied rights, including the right to maintenance and cure, may be modified and defined by contract.  *Al-Zawkari v American S.S. Co.,* 871 F.2d 585, 588 (6th Cir. 1989).  Plaintiff's right to maintenance and cure was thus subject to the collective bargaining agreement governing his employment relationship with Defendant.  That agreement requires prompt payment of maintenance and cure

---

[1]Like the instant motion, the court decided Plaintiff's motion to dismiss without a hearing.  *See* E.D. Mich. LR 7.1(e)(1).  The court reminds Plaintiff that hearings are not guaranteed and that it is common for the court to cancel hearings where, as here, the court is satisfied that the parties' pleadings adequately present the issues.  (*See* 5/22/06 Scheduling Order at 5-6.)

benefits by Defendant "on presentation of a medical record indicating generally the nature of the illness or injury." (Offshore Agreement § 14(a), Def.'s Mot. to Dismiss at Ex. D.)

Plaintiff failed to submit medical records indicating the ongoing nature of his medical condition. Under the collective bargaining agreement, the fact of Plaintiff's injury and his not fit for duty status were not sufficient, standing alone, to create for Defendant an obvious obligation to pay maintenance and cure. Plaintiff's argument that Defendant had "an immediate affirmative obligation," (Pl.'s Motion at 8), is flawed because it applies the federal common law rule without taking into account the parties' legitimate modification by contract. *Al-Zawkari,* 871 F.2d at 588.

Plaintiff objects to Defendant not informing him of the contractual requirement of medical records and intimates that it "conceal[ed] the pertinent information." (Pl.'s Motion at 8). Nonetheless, Plaintiff cites no provision of the contract or any other legal authority requiring Defendant to inform Plaintiff of his contractual rights and obligations. Moreover, Plaintiff's characterization of Defendant's conduct as willful, deliberate and callous invites the court to view the evidence in the light most favorable to Plaintiff. In considering a motion for summary judgment, the court must instead view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to Defendant, the nonmoving party. *See Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004). In that light, the record reflects that Defendant, at worst, caused miscommunication by strictly adhering to the provisions of the collective bargaining agreement. That conduct is a far cry from a willful, deliberate and callous refusal to honor an obvious obligation.

3

Finally, Plaintiff misplaces his reliance on *Meade v. Skip Fisheries, Inc.*, 385 F.Supp. 725, 728 (D. Mass. 1974) (awarding exemplary damages where the defendant had "no semblance of an excuse" for withholding some payments). The court in *Meade* made no mention of a collective bargaining agreement and therefore is inapposite because it applied federal common law unmodified by contract. Furthermore, the defendant in *Meade* contested its liability, claiming that a previous shipowner should at least share in the liability because the plaintiff's disability was "but an exacerbation of his original disease." *Id.* at 727. Case law, however, unequivocally required the defendant to pay the benefits first and then seek reimbursement after the fact. *Id.* In this case, Defendant did not stonewall in the face of clear common law. Rather, it adhered to a plain provision of the collective bargaining agreement that does not run afoul of the common law. Exemplary damages pursuant to *Vaughan v Atkinson,* 369 U.S. 527, 530-531 (1962), are therefore inappropriate.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Petition for Motion for Reconsideration" [Dkt. # 15] is DENIED.


       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 16, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522